IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03309-MJW

RAYMOND KILTHAU,

Plaintiff,

v.

LOW T MEDICAL CLINIC, INC.,

Defendant.

---

**ORDER**
**on**

**PLAINTIFF'S MOTION FOR LEAVE FOR OTHER SERVICE**
**(Docket No. 12)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff moves for leave to serve Defendant through substituted service under Fed.R.Civ.P. 4(h)(1)(A) and Colo.R.Civ.P. 4(f)(1).  **(Docket No. 12.)**  The matter is before me pursuant to this District's Pilot Project to Assign Civil Cases to Full Time Magistrate Judges.  **(Docket No. 7.)**  For the following reasons, the Court **GRANTS** the motion.

## Background

Plaintiff filed his Complaint on December 5, 2014.  (Docket No. 1.)  On December 8, 2014, the Clerk of Court issued a summons.  (Docket No. 3.)  So far, Defendant has not appeared.

2

On January 14, 2015, Plaintiff moved this Court for permission to serve

Defendant by mail.  (Docket No. 9.)  As support for that motion, Plaintiff showed:

- A process server attempted to personally serve Defendant's registered agent, Corey Counts, at the address of record on Defendant's registered agent filing. The address turned out to be the location of a business called the Triad Financial Group; the receptionist there told the process served that the registered agent does not maintain an office at that address.  (*Id.* ¶ 7.)

- The receptionist at the Triad Financial Group provided the process server with an alternate address for Mr. Counts; the alternate address was the same address as Defendant's Englewood clinic.  (*Id.* ¶ 8.)  The process server attempted to personally serve Mr. Counts at that address, but was told by the receptionist *there* that Mr. Counts was rarely at that office.  (*Id.* ¶ 9.)

- Plaintiff's process server searched public records and determined that Mr. Counts's most recent known address was in Nashville, Tennessee.  (*Id.* ¶ 10.)

- The process server attempted to serve Defendant's incorporator, Joshua Anderson, at Defendant's Englewood address, but was told that Mr. Anderson was no longer associated with the clinic.  (*Id.* ¶¶ 11–14.)  Plaintiff had been unable to identify any other directors or officers of Defendant.  (*Id.* ¶ 15.)

Based on the foregoing, Plaintiff moved for permission to serve Defendant by

registered or certified mail as authorized C.R.S. § 7-90-704(2).  The Court granted

Plaintiff's motion, stating:

> The Court finds that Plaintiff has used all due diligence to obtain personal service, that Defendant's registered agent is not located under his name at his assigned address, and that Defendant's registered agent cannot with reasonable diligence be served.  Plaintiff is hereby authorized to serve process upon Defendant pursuant to Colorado Revised Statutes Sec. 7-90-704(2).  As required by that statute, the process shall be served "by registered mail or by certified mail, return receipt requested, **addressed to the entity at its principal address**."

(Docket No. 11 (emphasis in original).)

Plaintiff's new motion (Docket No. 12) shows that service by mail has been

ineffective.  More specifically:

3

- A legal assistant for Plaintiff's counsel mailed a copy of the Complaint, summons, and other documents to Defendant, via certified mail addressed to two different addresses: Defendant's principal address as reflected on the records of the Colorado Secretary of State, and Defendant's address as reflected on its website. (*Id.* ¶¶ 4–5, 8.)

- Both attempts at service were reported as undeliverable by the Post Office, with no further information available. (*Id.* ¶¶ 6–7, 9–10.)

The legal assistant then contacted Defendant by telephone and spoke with an individual Plaintiff identifies only as "a representative" of Defendant's. (*Id.* ¶ 12.) This representative stated that Defendant receives its legal mail at a different address; that address, according to Defendant's website, is the location of Defendant's new Denver branch. (*Id.* ¶¶ 13–14.)

Based on the foregoing, Plaintiff now moves for leave to serve Defendant through all of the following:

- Leaving a copy of the summons and complaint, certain other documents, and this Order with the receptionist at Defendant's Englewood clinic;

- Mailing a copy of those documents to Mr. Counts at his address in Nashville, Tennessee;

- Mailing a copy of those documents to Defendant at Defendant's Englewood clinic; and

- Mailing a copy of those documents to Defendant at Defendant's Denver clinic.

(*Id.* ¶ 20–21.) Plaintiff doesn't specifically state the method of proposed mail, but the Court assumes Plaintiff proposes regular first-class mail through the U.S. Postal Service.

## Discussion

Under the Federal Rules of Civil Procedure, service may be made upon a party (1) as provided for under state law, (2) by personal in-hand service, (3) by leaving

process with an appropriate individual at the party's residence, or (4) by serving  an

authorized representative.  Fed.R.Civ.P. 4(e).  The Colorado Rules of Civil Procedure

add a few more options.  First, an individual can be served by leaving the process "at

the person's usual workplace, with the person's supervisor, secretary, administrative

assistant, bookkeeper, human resources representative or managing agent."

Colo.R.Civ.P. 4(e)(1).  Second, for a business entity, process can be served "by

delivering a copy thereof" on any officer, partner, trustee, or functionally equivalent

person.  Colo.R.Civ.P. 4(e)(4).  Finally, Colorado allows for "substituted service" upon

another person in lieu of the party, in certain circumstances:

> **[4](f) Substituted Service**.  In the event that a party attempting service of
> process by personal service under section (e) is unable to accomplish
> service, and service by publication or mail is not otherwise permitted
> under section (g), the party may file a motion, supported by an affidavit of
> the person attempting service, for an order for substituted service.  The
> motion shall state (1) the efforts made to obtain personal service and the
> reason that personal service could not be obtained, (2) the identity of the
> person to whom the party wishes to deliver the process, and (3) the
> address, or last known address of the workplace and residence, if known,
> of the party upon whom service is to be effected.  If the court is satisfied
> that due diligence has been used to attempt personal service under
> section (e), that further attempts to obtain service under section (e) would
> be to no avail, and that the person to whom delivery of the process is
> appropriate under the circumstances and reasonably calculated to give
> actual notice to the party upon whom service is to be effective, it shall:
>
> > (1) authorize delivery to be made to the person deemed appropriate
> > for service, and
> >
> > (2) order the process to be mailed to the address(es) of the party to
> > be served by substituted service, as set forth in the motion, on or
> > before the date of delivery.  Service shall be complete on the date
> > of delivery to the person deemed appropriate for service.

Colo. R. Civ. Pro. 4(f) (emphasis added).

5

The Court finds that due diligence has been used to attempt personal service of Defendant's registered agent, to attempt personal service of an officer, director or other appropriate agent of Defendant's, and to attempt service through certified mail.  The Court further finds that both Mr. Counts (at his last identifiable address) and the receptionist at Defendant's principle place of business are appropriate individuals to serve under the circumstances.  Finally, the Court finds that service upon those individuals, in conjunction with the proposed first-class mail to Defendant's known business locations, is reasonably calculated to give actual notice to Defendant.

## Order

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Leave for Other Service (Docket No. 12) is GRANTED.  It is further ORDERED that Plaintiff may serve Defendant by hand-delivering the Complaint (Docket No. 1), summons (Docket No. 3), Pilot Program Consent Form (Docket No. 7), and each Order of the Court to date (Docket Nos. 8, 11, 14, and 15), to the receptionist at Defendant's principal place of business in Englewood, Colorado, as well as by mailing the same to each of the following addresses:

Corey Counts
Registered Agent
348 Hickory Place
Nashville, TN  37214

Low T Medical Clinic
385 Inverness Parkway, #300
Englewood, CO  80112

Lot T Medical Clinic
3003 East 3rd Avenue, Suite 203
Denver, CO  80206

6

Dated: February 11, 2015          */s/ Michael J. Watanabe*
       Denver, Colorado          Michael J. Watanabe
                                  United States Magistrate Judge